UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA FARFAN ANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-3172 |
| | § | |
| ELAINE C. DUKE, et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the court is (1) petitioner Jessica Farfan Angel's petition for writ of habeas corpus (Dkt. 1), (2) respondents' motion to dismiss, or in the alternative for summary judgment (Dkt. 14), and (3) respondents' motion to stay (Dkt. 17). On November 20, 2017, the court held a hearing on the petition and requested that the parties ask the Immigration Judge to determine whether Angel should be released. On November 29, 2017, the Immigration Judge denied the motion to reconsider Angel's custody status. Dkt. 16. Having considered the petition, the motions, and the applicable law, the court is of the opinion that (1) the petition for writ of habeas corpus should be GRANTED IN PART, (2) the motion to dismiss should be GRANTED IN PART and DENIED IN PART, and (3) the motion to say should be DENIED AS MOOT.

Respondents ask the court to dismiss the petition on the following grounds: (1) court lacks jurisdiction; (2) Angel names improper respondents; and (3) Angel's detention is constitutional (which also entitles respondents to summary judgment). Dkt. 14.

**A.    Jurisdiction**

The court has jurisdiction to hear Angel's habeas corpus petition because the court has jurisdiction when detained aliens, like Angel, claim their detention violates the laws of the United

States. 28 U.S.C. § 2241(c)(3). Further, even though Angel has not appealed her custody status to the Board of Immigration Appeals, such appeal would be futile as Angel does not contest her custody status. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) ("Exceptions to the exhaustion requirement are appropriate . . . where the attempt to exhaust such remedies would itself be a patently futile course of action.") (internal quotations and citations omitted). She does not contest that she is subject to detention under the current statutory scheme, but rather that her detention violates her constitutional rights. Dkt. 1.

**B.     Proper Respondents**

Respondents correctly assert that the only proper respondent is Angel's immediate custodian. Dkt. 14 at 8 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711 (2004)). "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435. Thus, the court GRANTS respondents' motion to dismiss all respondents other than Robert Lacy, Jr., Warden of the CCA Detention Center, the facility where Angel is being held.

**C.     Due Process**

The court adopts the reasoning of the Western District of Texas in *Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015), insofar as it holds that for detention under 8 U.S.C. § 1225(b), substantive due process requires a reasonable time limitation. Considering the totality of the circumstances surrounding Angel's detention, it is clear that the detention is unreasonable. Thus, respondents' motion to dismiss and motion for summary judgment are DENIED, and Angel's petition for writ of habeas corpus is GRANTED.

However, rather than granting release from detention, a bond hearing before an immigration judge is a more appropriate remedy. *See Maldonado*, 150 F. Supp. 3d at 812. "[A]n immigration

judge is in a better position to conduct the sort of individualized review that is necessary to determine if Petitioner should be released . . . ." *Id.* The bond hearing allows the immigration judge to determine whether Angel will pose a danger to the community or a flight risk. *Id.* at 811.

Thus, the petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART. Within twenty-one days of the date of this order, the Government shall provide Angel with a bond hearing before an immigration judge to consider the appropriateness of her release during the pendency of her immigration proceedings. If a hearing is not held within twenty-one days, the Government shall release Angel from detention under reasonable supervision conditions. Further, respondents' motion to dismiss (Dkt. 14) is GRANTED IN PART, and all respondents other than Robert Lacy, Jr., are DISMISSED. The motion is otherwise DENIED. Because the court has ruled on the petition and motion to dismiss, the motion to stay (Dkt. 17) is DENIED AS MOOT. Because the court has ruled on all pending motions, the court will not hold a hearing on December 19, 2017, as originally scheduled.

Signed at Houston, Texas on December 18, 2017.

_____
Gray H. Miller
United States District Judge